Lincoln D. Bandlow, Esq. (CA #170449)
lincoln@bandlowlaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>vs.<br><br>JOHN DOE infringer using IP address 70.95.253.196,<br><br>　　　　Defendant/Counter-Plaintiff. | Case Number: 8:22-cv-01356-TJH-SP<br><br>**PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

i

Plaintiff/Counter-Defendant's Memorandum of Points and Authorities in Support of
Motion to Enforce Settlement Agreement
Case No. 8:22-cv-01356-TJH-SP

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff/Counter-Defendant, Strike 3 Holdings, LLC ("Strike 3"), respectfully submits the following Motion to Enforce Settlement Agreement ("Motion").

## I.  INTRODUCTION

This is a cut and dry matter. Defendant/Counter-Plaintiff, John Doe ("Doe"),[1] entered into a Settlement Agreement with Strike 3, on December 13, 2023. Doe was charged with paying the settlement funds on December 28, but did not do so. Despite multiple good faith extensions by Strike 3, Doe reneged, ignoring the clear terms of the Agreement, and filed an Answer and Counterclaim in the action. This, in turn, has forced the Court to have to deal with this matter. For the reasons discussed below, Strike 3 respectfully requests the Court enter judgement in Strike 3's favor and dismiss Doe's counterclaim.

## II.  BACKGROUND

Doe has frustrated this dispute for years. Unlike most of Strike 3's cases, this matter started as a Pure Bill of Discovery in Florida state court. *See Strike 3 Holdings, LLC v. Unknown Infringers Listed on "Exhibit 1"*, No. 2021-031976-CC-05, D.E. 1 (Fla. Miami-Dade County Ct. Nov. 24, 2021). Doe filed a motion to quash the subpoena issued by the state court on or around March 4, 2022, Decl. Bandlow, at ¶ 5, forcing Strike 3 to file a complaint for copyright infringement before this Court. *See* D.E. 1, at ¶6. It then moved for early discovery, which the Court granted the next day. D.Es. 10, 11. Doe, again, objected to the subpoena, D.E. 13, which the Court rejected. D.E. 16, at 3.

---

[1] Although Doe has revealed his identity in his Answer, D.E. 28, a protective order is in place allowing him to remain pseudonymous as "John Doe." D.E. 16, at 3–4.

Strike 3 filed a redacted First Amended Complaint, D.E. 18, and served process on Doe on October 19, 2023. D.E. 26. Shortly thereafter, Doe, proceeding *pro se*, contacted counsel to discuss settlement. The parties subsequently entered into a Settlement Agreement ("Agreement") "to resolve any and all claims between each other" on December 13, critically, with Doe required to pay the agreed to settlement amount on December 28. *See* Decl. Bandlow, at ¶¶3, 6, and concurrently-filed Exhibit B.

Doe, however, failed to comply with the Agreement, and instead, filed an Answer to Strike 3's First Amended Complaint along with a convoluted counterclaim on January 12, 2024. D.E. 28. Counsel emailed Doe on January 19 explaining that the matter had already settled, but Doe has not responded. Decl. Bandlow, at ¶8. This Motion follows.

### III. LEGAL STANDARD

District courts are vested with the "inherent power to enforce a settlement agreement in a case pending before it." *MetroNet Servs. Corp. v. U.S. W. Commc'ns*, 329 F.3d 986, 1013–14 (9th Cir. 2003) (citing *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994)).  Additionally, "[p]ursuant to California Code of Civil Procedure § 664.6, '[i]f the parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court for settlement of the case the court may enter judgment pursuant to the terms of the settlement [and] may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms." *Grassroots Prods. II, Inc. v. Young Money Entm't, LLC*, No. 14-2807 (GW)(ASx), 2015 WL 12806466, at *2 (C.D. Cal. Oct. 1, 2015) (internal ellipses omitted).  Especially here, where there has been no dismissal of the claim and the Court has retained jurisdiction over the parties, there is no dispute over the Court's power to enforce the settlement agreement. *Cf. K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014); *Arata v.*

2

*Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268 (9th Cir. 1996) (discussing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 114 S.Ct. 1673, 1675–76, 128 L.Ed.2d 391 (1994)). "The district court's enforcement power include[s] authority to award damages for failure to comply with the settlement agreement [and] breach of the agreement entitled the nonbreaching party to specific performance or an award of unliquidated damages, as appropriate." *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (citation omitted).

## IV.     ANALYSIS

"[I]t is 'well established that when the parties execute a complete, written [settlement] agreement, it is enforceable in the same manner as any other written contract[.]'" *See Murtaugh v. Star Sci. Ltd.*, No. 15-0113 (DOC)(RNBx), 2018 WL 6136817, at *5 (C.D. Cal. May 11, 2018) (citation omitted) (brackets original). "Contract interpretation begins with the plain meaning of the express terms." *Agarwal v. Buchanan*, No. 17-2182 (BRO)(MRWx), 2017 WL 5125752, at *3 (C.D. Cal. June 22, 2017) (citation omitted). The Agreement is clear. Strike 3 has agreed to release Doe from Strike 3's claim for copyright infringement and dismiss this action with prejudice upon Defendant's payment of $7,600. *See Settlement Agreement* §§ 1, 4–5. The parties would also bare their own costs and attorneys' fees *unless* a later breach of the Settlement Agreement warrants further action to enforce its terms. *Id.* at § 7. Despite the unambiguous language, Doe has declined to forward any settlement funds. Multiple extensions have not remedied Doe's noncompliance. As a result, Doe is in breach, and judicial enforcement of the Agreement is warranted.

"[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract[.]" *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). "A settlement agreement must meet two general requirements to be enforceable. First, it must be a complete agreement. Second, the parties must

3

have either agreed to its terms, or authorized their respective counsel to effectuate settlement." *Murtaugh v. Star Sci. Ltd.*, No. 15-0113 (DOC)(RNBx), 2018 WL 6136817, at *6 (C.D. Cal. May 11, 2018) (internal citations omitted). Both elements are met here.

      The Agreement is complete, forming a valid and enforceable contract. *See U.S. for Use of Youngstown Welding & Eng'g Co. v. Travelers Indem. Co.*, 802 F.2d 1164, 1169 (9th Cir. 1986) (citation omitted) ("The formation of a contract requires 'a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.'"). It is a standard settlement that clearly lays out the parties' obligations; they have even assented to an "Entire Agreement" clause stating that the Agreement "constitutes the entire agreement and supersedes any and all other" agreements the parties may have previously entered. *Settlement Agreement* § 11; *see Genoptix, Inc. v. Dabbas*, No. 17-1468 (CAB)(AGS), 2017 WL 4541755, at *2 (S.D. Cal. Oct. 11, 2017) (accepting entire agreement clause). Moreover, the Agreement is signed by both parties,[2] assenting to its terms, and manifesting their intent to be bound by those terms. *See Grassroots Prods. II, Inc. v. Young Money Entm't, LLC*, No. 14-2807 (GW)(ASX), 2015 WL 12806466, at *3 n.2 (C.D. Cal. Oct. 1, 2015). By failing to perform what is in essence his sole obligation, Doe is in breach of the Agreement. *See Franconia Assocs. v. United States*, 536 U.S. 129, 142–43, 122 S. Ct. 1993, 2002, 153 L. Ed. 2d 132 (2002) (citations omitted) ("Failure by the promisor to perform at the time indicated for performance in the contract establishes an immediate breach.").

      Since the Settlement Agreement is validly formed, it is enforceable on Doe, and since the Court retains jurisdiction over Strike 3's litigation, the Court may enforce its terms. Accordingly, Strike 3 respectfully requests the Court enter

---

[2] Doe's signature is redacted to protect his identity.

4

judgement in Strike 3's favor for $7,600 – its expectation damages,[3] *Restatement (Second) of Contracts* § 347 (1981); as well as any other relief the Court finds appropriate.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion to Enforce Settlement Agreement and enter judgement consistent with the terms of that Agreement.

Dated: February 2, 2024            Respectfully submitted,

                                   By: _____
                                   Lincoln Bandlow, Esq.
                                   **Law Offices of Lincoln Bandlow, PC**
                                   *Attorney for Plaintiff*
                                   Strike 3 Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                   By: */s/ Lincoln Bandlow*

---

[3] Although the Agreement permits Strike 3 to also recover its costs and fees, it does not believe that such relief is warranted at this time. This waiver, however, is made without prejudice to recovering its costs and fees in a later proceeding should the situation call for such relief. Decl. Bandlow, at ¶10.