Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
**Law Offices of Lincoln Bandlow, PC**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Tel.: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>vs.<br><br>JOHN DOE infringer using IP address 70.95.253.196,<br><br>　　　　Defendant/Counter-Plaintiff. | Case No.: 8:22-cv-01356-TJH-SP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ANSWER AND FOR A MORE DEFINITE STATEMENT** |

1

Memorandum of Points and Authorities in Support of Plaintiff's
Motion for a More Definite Statement
Case No. 8:22-cv-01356-TJH-SP

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 12(e), Plaintiff/Counter-Defendant, Strike 3 Holdings, LLC ("Strike 3"), respectfully requests that the Court enter an order requiring Defendant/Counter-Plaintiff, John Doe's ("Doe")[1] to plead a more definite statement of his Counterclaim.

## I. BACKGROUND

Unlike most of Strike 3's cases, this matter started as a Pure Bill of Discovery in Florida state court. *See Strike 3 Holdings, LLC v. Unknown Infringers Listed on "Exhibit 1"*, No. 2021-031976-CC-05, D.E. 1 ((Fla. Miami-Dade County Ct. Nov. 24, 2021). Doe filed a motion to quash the subpoena issued by the state court on or around March 4, 2022, forcing Strike 3 to file a complaint for copyright infringement with this Court. *See* D.E. 1, at ¶6. It then moved for early discovery, which the Court granted the next day. D.Es. 10, 11. Doe, again, objected to the subpoena on the basis of privilege or privacy of third-party "clients," D.E. 13, which the Court rejected, finding Doe's argument "unclear." D.E. 16, at 3.

Spectrum, Doe's Internet service provider ("ISP"), complied with the subpoena, Strike 3 investigated that information, and determined that Doe–and not someone else–was the infringer. As a result, Strike 3 filed a redacted First Amended Complaint, D.E. 18, and served process on Doe on October 19, 2023. D.E. 26. Shortly thereafter, Doe reached out to Strike 3, *pro se*, to discuss the case. The parties entered into a Settlement Agreement on December 13, 2023, to

---

[1] Although Doe has revealed his identity in his Answer, D.E. 28, a protective order is in place allowing him to remain pseudonymous as "John Doe." D.E. 16, at 3–4.

2

Memorandum of Points and Authorities in Support of Plaintiff's
Motion for a More Definite Statement
Case No. 8:22-cv-01356-TJH-SP

resolve all claims. *See* concurrently-filed *Motion to Enforce Settlement Agreement*.

Doe, however, reneged on the Settlement Agreement, and instead, filed an Answer to Strike 3's First Amended Complaint on January 12, 2023. D.E. 28. Doe counterclaimed for infringement of his privacy:

> Plantiff [*sic*] establishes use of a software called VNX Scan in paragraph 27, not explaining what the limit is when mentioning that it downloads and scans for files. Defendant feels such use of software infringes upon privacy. The possibility that personal and private information stored on computers connected on the Internet could have been compromised by Plantiff's software and therefore Defendant feels Plaintiff infringed on the right to privacy while having unauthorized access to possibly every system that has access to the establish IP address.

*Id.* at 20. Unsure of the basis for Doe's counterclaim or what relief it sought, Counsel emailed Doe on January 19 seeking clarification. Doe has not responded to that conferral, forcing Strike 3 to file the current Motion.

## II.  LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016) (collecting cases). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail," *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1162 (C.D. Cal. 2018) (quoting *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F.Supp. 790, 804 (C.D. Cal. 1996)), and may be used to address a pleading that fails "to specify the allegations in a manner that provides sufficient notice[.]"

3

Memorandum of Points and Authorities in Support of Plaintiff's
Motion for a More Definite Statement
Case No. 8:22-cv-01356-TJH-SP

*See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). While "[p]ro se pleadings are 'held to less stringent standards' than those drafted by a lawyer, . . . courts may not rewrite an otherwise deficient pleading." *Leyva v. Shepherd*, No. 23-990 (SSS)(RAO), 2023 WL 8125842, at *1 (C.D. Cal. Feb. 16, 2023) (citations omitted).

### III.   ANALYSIS

"[A] pro se litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997)).  That is, Doe's pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting 550 U.S. 544, 579, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "The rule applies equally to a counterclaim." *Hana Fin. Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1232 (C.D. Cal. 2007).

"Legally protected privacy rights stem from common law, federal and state constitutional development, and statutory enactments." *Trujillo v. City of Ontario*, 428 F. Supp. 2d 1094, 1120 (C.D. Cal. 2006), *aff'd sub nom. Bernhard v. City of Ontario*, 270 F. App'x 518 (9th Cir. 2008).[2] Doe has not identified which theory makes up his cause of action, but best Strike 3 can guess, "intrusion" upon

---

[2]   In *Lugosi v. Universal Pictures*, 25 Cal.3d 813, 160 Cal.Rptr. 323, 603 P.2d 425 (1979), the California Supreme Court recognized Dean Prosser's identification of the four torts comprising the law of privacy: (1) "Intrusion" upon the plaintiff's seclusion or solitude or into his private affairs, (2) Public disclosure of embarrassing "private facts," (3) Publicity which places the plaintiff in a "false light," and (4) "Appropriation," for the defendant's advantage, of the plaintiff's name or likeness.  *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994).

4

Memorandum of Points and Authorities in Support of Plaintiff's
Motion for a More Definite Statement
Case No. 8:22-cv-01356-TJH-SP

seclusion is the closest fit. "A tort cause of action for the invasion of privacy exists when one 'intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person.'" *Anderson v. TCAM Core Prop. Fund Operating LP*, No. 14-1932 (CJC)(JCGx), 2015 WL 12696078, at *2 (C.D. Cal. Mar. 24, 2015) (quoting *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998)); *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1231 (C.D. Cal. 2017) (noting elements originate from Restatement (Second) of Torts § 652B (1977)).

Already, the defects are apparent. Doe alleges that VXN Scan "downloads and scans for files," but he does not claim from anywhere private – certainly not enough for an "intrusion." "The tort is proven only if the [counter-]plaintiff had an objectively reasonable expectation of seclusion or solitude in *the place* [searched]." *Anderson*, 2015 WL 12696078 at *2 (citation omitted) (emphasis added). But the pleadings indicate that VXN Scan did not invade Doe's computer or Internet. Instead, Doe' publicly uploaded data and metadata to the public BitTorrent network, which VXN Scan then downloaded and recorded. *See* D.E. 1, at ¶¶29–43; *see also id.* at ¶38 ("At no point did VXN Scan upload content to any BitTorrent user."). This is analogous to a person handing out leaflets in a public square; interception of those leaflets does not infringe the individual's privacy. *Cf. Anderson*, 2015 WL 12696078 at *2 (dismissing invasion of privacy claim and holding there is no "seclusion or solitude" in "public spaces"). Thus, it is difficult, without additional clarifications from Doe, to understand the counterclaim.

Indeed, Doe merely wonders of "[t]he *possibility* that personal and private information stored on computers connected on the Internet *could* have been

5

Memorandum of Points and Authorities in Support of Plaintiff's
Motion for a More Definite Statement
Case No. 8:22-cv-01356-TJH-SP

compromised by Plantiff's software[.]" D.E. 28, at 20 (emphasis added); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") (citation omitted). The three-sentence counterclaim does not adequately notify Strike 3 of the nature of the cause of action, does not state enough facts to inform the elements of an invasion of privacy, and does not allege *facts*, but merely guesses. *See Taylor v. Mejac*, No. 12-3380 JFW (SS), 2012 WL 13226439, at *2 (C.D. Cal. Sept. 13, 2012) (noting a more definite statement is proper when the pleading is "so indefinite that the [counter-]defendant cannot ascertain the nature of the claim") (citation omitted) (internal punctuation omitted). This Court should order Doe to replead his counterclaim with more definite allegations so that Strike 3 can effectively answer it or move to dismiss it.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Strike 3's Motion for a More Definite Statement.

Dated: February 2, 2024　　　　　　　　Respectfully submitted,

By: _____
Lincoln Bandlow, Esq.
**Law Offices of Lincoln Bandlow, PC**
*Attorney for Plaintiff*
Strike 3 Holdings, LLC

6

Memorandum of Points and Authorities in Support of Plaintiff's
Motion for a More Definite Statement
Case No. 8:22-cv-01356-TJH-SP